**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

VICTOR CAMARGO-JUAREZ,

Plaintiff,

v.

GRAND SIERRA RESORT AND CASINO, *et al.*,

Defendants.

Case No. 3:26-CV-00811-MMD-CLB

**ORDER**

[ECF No. 7]

On October 19, 2026, the Court ordered Plaintiff Victor Camargo-Juarez ("Camargo-Juarez") to either pay the filing fee for this matter or "file with the Court a completed Application to Proceed *in Forma Pauperis* for Non-Inmate *on this Court's approved form*, along with a completed and signed financial affidavit" on or before November 20, 2026. (ECF No. 3 (emphasis added).) However, Camargo-Juarez instead filed a document titled "Consolidated Declaration in Support of Applications to Proceed In District Court Without Prepaying Fees or Costs." (ECF No. 7.) This is improper for multiple reasons, including because Camargo-Juarez lists three case numbers on this declaration and the document does not properly comply with the Court's prior order.

First, "Judges are not like pigs, hunting for truffles buried in the record." *Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024) (citation modified) (quoting *Gross v. Cicero*, 619 F.3d 697, 702 (2010)). Camargo-Jaurez cannot bury required documents within another document and expect the Court to dig through the record to identify the required documents. Camargo-Juarez also cannot expect the Court to identify documents hidden within improper filings, and he is warned that it is his responsibility to file separate documents in each individual case, with the correct titles. In the future, the Court will not review documents such as the instant declaration and Camargo-Juarez will not receive warnings alerting him of his failure to comply with the Court's orders.

Next, Camargo-Juarez is a frequent filer with this Court and has previously been

informed that the application to proceed in forma pauperis must be made on the form provided by the Court, in both this case and other cases. (*See, e.g.* Case No. 3:26-CV-00783-MMD-CLB, ECF No. 3.); LSR 1-1 ("The application must be made on the form provided by the court[.]"). The Court reminds Camargo-Juarez that all parties, including parties proceeding *pro se*, are required to follow the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Although the Court will liberally construe *pro se* pleadings and will give some latitude to *pro se* litigants, a continued failure to follow the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules will result in sanctions. The Court will not tolerate the repeated refusal to follow the Court's orders, and failure to follow this order **will** result in a recommendation to the District Court to dismiss the action.[1]

Accordingly, the Court now *again* **ORDERS** that on or before **November 20, 2026**, Camargo-Jaurez to either: **(1)** pay the full $405 filing fee for a civil action (which includes the $350 filing fee and the $55 administrative fee); or **(2)** file with the Court a completed Application to Proceed *in Forma Pauperis* for Non-Inmate **on this Court's approved form**, along with a completed and signed financial affidavit, as a standalone document specific to the instant case.

**IT IS FURTHER ORDERED** that as a courtesy, the Clerk of the Court shall **SEND** Camargo-Juarez the approved form Application to Proceed *in Forma Pauperis* for Non-Inmate.

**IT IS SO ORDERED**.

**DATED**: November 9, 2026.

**UNITED STATES MAGISTRATE JUDGE**

[1] The Court's prior order also warned that failure to comply would result in a recommendation to the District Court to dismiss the action. (ECF No. 3.)